# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

EMBRY JAY LOFTIS, )
 )
       Petitioner, )
 )
v. ) Case No. CIV 04-322-FHS
 )
HASKELL HIGGINS, Warden, )
 )
       Respondent. )

## ORDER

Petitioner, an inmate currently incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma, has filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in Carter County District Court Case Number CF-2002-58 for Distribution of Controlled Dangerous Substance (Cocaine Base), Second and Subsequent Offense. He sets forth the following grounds for relief:

> The Oklahoma Criminal Court of Appeals [sic] committed fundamental error by not remanding the case for a new trial where testimony of the State's confidential informant did not satisfy requirements, and where the former conviction used to enhance punishment was not proven that petitioner was the same person as in the submitted Judgment and Sentence. The OCCA should have found petitioner were [sic] denied due process and equal protection of the law.

Docket #1 at 4; Docket #12 at 3.

The respondent has submitted the following records to the court for consideration in this matter:

    A.    Petitioner's direct appeal brief.

    B.    The State's brief in petitioner's direct appeal.

C. Summary Opinion affirming petitioner's Judgment and Sentence. *Loftis v. State*, No. F-2002-1333 (Okla. Crim. App. Sept. 11, 2003).

D. Judgment and Sentence in Carter County District Court Case Number CF-274, filed on April 22, 1998.

*Facts*

Donald May, a confidential informant, testified he made numerous drug buys for the Ardmore Police Department (Tr. 85-86). On the day in question, law enforcement officials wired May with a tape recorder, gave him $60 to purchase crack cocaine, and drove him to an area called "The Yard" (Tr. 87-88). Petitioner arrived at The Yard on his bicycle (Tr. 88-89). Mr. May approached petitioner who asked May what he wanted (Tr. 90). May said he wanted 60 dollars' worth of crack (Tr. 90). May then asked if he could get 120 dollars' worth of crack for $60 (Tr. 91). Petitioner would not double the amount of drugs, so May purchased $60 dollars' worth of crack (Tr. 91-92). Petitioner told May that the crack was "A-quality stuff" and suggested May try it in a little shack in The Yard (Tr. 92-93). May declined to smoke it there and left to meet the officers and turn over the crack (Tr. 93). The recording of May's conversation with petitioner was played in court (Tr. 100-11).

**Ground I: Ineffective Assistance of Counsel**

On direct appeal petitioner presented four ineffective assistance of trial counsel claims: (1) failure to present an opening statement, (2) failure to object to Donald May's testimony about prior contacts with petitioner and about who supplied petitioner's drugs, (3) failure to prepare the sole defense witness, and (4) failure to present an adequate closing argument.

The respondent alleges the Oklahoma Court of Criminal Appeals correctly determined that petitioner was not denied the effective assistance of trial counsel, and under the revised

2

federal habeas corpus statutes, habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth the two-part test for determining the validity of a habeas petitioner's claim of ineffective assistance of counsel. The test requires a showing that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Id*. at 687. The Court of Criminal Appeals analyzed and rejected petitioner's ineffective assistance of trial counsel claims under the *Strickland* standard. *Loftis v. State*, No. F-2002-1333, slip op. at 2 (Okla. Crim. App. Sept. 11, 2003) (citing *Strickland*, 466 U.S. at 687). "As [petitioner] has shown neither that trial counsel's performance was deficient nor that he was prejudiced by any alleged deficient performance his Sixth Amendment claim must fail." *Id.*

Although petitioner insisted in his reply to the respondent's response to the petition that this habeas petition did not concern the same four claims of ineffective assistance of counsel as were in his direct appeal [Docket #12 at 3], he asserts the direct appeal claims in his supplemental reply to the response [Docket #24].

*Opening Statement*

Defense counsel initially chose to reserve his opening statement until the prosecution

had given its statement (Tr. 83). After the State concluded its case, the court asked defense counsel if he wanted to present an opening statement (Tr. 192). Defense requested time to go to the bathroom first, but after returning from the break, defense counsel expressly waived his opportunity to give an opening statement (Tr. 192-93).

It is well settled that the decision to waive an opening or closing statement is a commonly adopted tactical decision, and the waiver does not constitute ineffective assistance of counsel. *See Nguyen v. Reynolds*, 131 F.3d 1340, 1350 (10th Cir. 1997), *cert. denied*, 525 U.S. 852 (1998); *see also United States v. Haddock*, 12 F.3d 950, 955 (10th Cir. 1993); *United States v. Miller*, 907 F.2d 994, 1000 (10th Cir. 1990). In petitioner's case there was overwhelming evidence of his guilt, and, as found by the OCCA, petitioner failed to show how the lack of an opening statement prejudiced his defense. *Loftis*, No. F-2002-1333, slip op. at 2. Therefore, the decision by the OCCA was consistent with the federal standard set forth in *Strickland*.

## *Donald May's Testimony*

Petitioner claims trial counsel was ineffective in failing to object to the testimony of Donald May, the prosecution's confidential informant. Petitioner asserted in his direct appeal brief that defense counsel failed to make a timely objection to inadmissible testimony. Defense counsel stated to the court that Donald May had "backdoored" testimony that petitioner was a well-known drug dealer (Tr. 156), yet counsel did not raise an objection to May's testimony. Trial counsel also failed to object to May's testimony that, based on his prior dealings, he believed petitioner's supplier was a man named Ricky Murph (Tr. 91-92, 107). Petitioner claims that if defense counsel had objected to May's speculation, the evidence would have been excluded.

4

Without expressing an opinion on whether appellate counsel's performance was deficient, the court finds it is "easier to dispose of an ineffectiveness claim for lack of prejudice than to determine whether the alleged errors were legally deficient." *Davis v. Executive Director of Dep't of Corrections*, 100 F.3d 750, 760 (10th Cir. 1996), *cert. denied*, 520 U.S. 1215 (1997) (quoting *United States v. Haddock*, 12 F.3d 950, 955 (10th Cir. 1993)). "To establish prejudice under *Strickland*, [petitioner] must show there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). Here, petitioner has failed to show that the outcome of his trial would have been different, if trial counsel had objected to Donald May's testimony. Therefore, the OCCA's decision on this claim was correct.

*Defense Witness Preparation*

Petitioner next complains that defense counsel failed to prepare its only defense witness Larry King. King testified he clearly remembered the events of the day in question, because his employer had tried to cheat him out of some money that day (Tr. 195-96). King recalled that he observed petitioner and May argue when they passed each other walking down the street (Tr. 198-99). Petitioner then continued on his way (Tr. 198-99).

King's testimony fell apart on cross-examination, when the prosecutor confronted him with the audiotaped recording of the events on that day (Tr. 217-27). King testified he did not hear the recording prior to trial (Tr. 216). He could not explain why the recording did not include the alleged argument, but he did identify petitioner's voice on the tape (Tr. 218, 222, 226-27). As argued by the prosecutor, King was, at best, mistaken about the date he

5

recalled (Tr. 249). At worst, he was lying to get his friend out of trouble (Tr. 250).

Defense counsel recognized King's credibility problem, and in his closing argument, he stated that King "got mixed up," but counsel did not think that King intentionally lied (Tr. 245). Petitioner argues that if counsel had interviewed King prior to trial, he might have chosen not to call him as a witness. Petitioner further contends that if counsel had played the recording for King before trial, King could have realized he was mistaken about the date of the alleged argument, or defense counsel could have realized King would not be a credible witness. Furthermore, King might have chosen not to testify, if he believed the drug dealer recorded on the tape was petitioner.

Defense counsel has a duty to investigate and prepare defense witnesses for trial. *See Cargle v. Mullin*, 317 F.3d 1196, 1213-14 (10th Cir. 2003). Petitioner, however, does not point to any evidence that defense counsel actually did not interview Mr. King. Instead, there is an after-the-fact assertion that because the witness did not help petitioner's defense, defense counsel failed to adequately interview and prepare the witness.

"There is a strong presumption that counsel provided effective assistance of counsel and petitioner has the burden of proof to overcome that presumption." *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)). The court finds that petitioner's argument is insufficient to overcome the "strong presumption" of reasonableness that is extended to trial attorneys. The Court of Criminal Appeals' decision on this issue complied with federal requirements.

*Closing Argument*

Petitioner claims defense counsel should have argued in his closing argument that

someone other than petitioner committed the crime, or that no crime was committed. After a careful review of the record, this court finds there is no evidence of any other suspect. Defense counsel argued there was confusion over the similarity of petitioner's and another drug dealer's street names, and counsel attacked Donald May's credibility (Tr. 242-44). Petitioner's attorney told the jury that "Embry Loftis didn't do it" (Tr. 246), but the evidence was too strong. "For counsel's actions to rise to the level of constitutional ineffectiveness, his strategic decisions must have been completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy." *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir.) (internal quotations omitted), *cert. denied*, 531 U.S. 938 (2000). This court, therefore, finds the OCCA's determination that counsel was not ineffective in his closing argument was a reasonable application of federal law.

*Donald May's Credibility*

While petitioner's pleadings are somewhat unclear, he asserts in his reply to the respondent's response that he is raising another issue concerning Donald May's testimony [Docket #12 at 3]. He is complaining that trial counsel did not challenge the credibility of May, a confidential informant [Docket #12 at 2]. Petitioner alleges the Oklahoma Court of Criminal Appeals failed to make a determination of May's credibility [Docket #12 at 2]. He contends "a person whom [sic] has much to gain by being an informant will lie to save his own skin" [Docket #1 at 4]. He maintains that since the jury was not told of Mr. May's pending criminal charges in Oklahoma County, the OCCA should have examined the testimony more closely. He asserts that without May's testimony, there would not have been sufficient evidence to proceed to trial. He also speculates that the prosecution contacted Oklahoma County to report on May's testimony in petitioner's case and to request a

favorable disposition of May's pending charges.

May admitted he had used crack cocaine in the past and had "maybe four felonies" (Tr. 98). He testified he was facing penitentiary time for a firearms violation when he approached the narcotics officers with an offer to act as a confidential informant (Tr. 98-99). May further testified that no promises were made to him about his testimony in petitioner's case (Tr. 99).

On cross-examination, May stated he did not have a deal with anyone in exchange for his assisting the prosecution (Tr. 117-18). May, however, admitted that he agreed to help the law enforcement officers if they would help him (Tr. 118). Under defense counsel's questioning, May also admitted he had been incarcerated for a federal conviction for possession of an unregistered machine gun (Tr. 118-19). May testified he had spent the night before his testimony in the Carter County Jail for failing to appear in a child support case (Tr. 119). He did not expect to gain anything with respect to the child support case, in exchange for his trial testimony (Tr. 128). He did, however, hope to receive some consideration for a first degree robbery charge that was pending (Tr. 129).

In his closing statement defense counsel reiterated that Donald May had a prior conviction for possession of a machine gun and that May was facing first degree robbery charges (Tr. 243). Counsel also told the jury that May agreed to be act as a confidential informant on numerous occasions "to save his own butt . . . 'cause he's been to prison once, he didn't like it" (Tr. 244).

Counsel repeatedly pointed out May's criminal history and his pending charges. Contrary to petitioner's assertions, counsel also presented evidence that May was hoping to be rewarded for his testimony in petitioner's case. While petitioner is correct in his claim

that May's testimony was essential to the prosecution, petitioner has failed to demonstrate why or how May's testimony should have not been allowed. The issue of May's credibility, however, was not raised in the direct appeal, and the record does not indicate a post-conviction application was pursued. It, therefore, appears that the issue of Donald May's credibility has not been exhausted in the state courts. Petitioner's assertion in his supplemental reply [Docket #24 at 55] that May's testimony should have been corroborated, likewise, has not been fairly presented to the state courts.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

The court finds, however, that dismissal of the petition to allow petitioner to exhaust his state court remedies would be futile, because the Oklahoma Court of Criminal Appeals would hold this claim is procedurally barred. Therefore, the claim is deemed to be exhausted for purposes of habeas corpus review. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Nonetheless, this issue is procedurally barred from habeas review.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal

habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." *Id.* 501 U.S. at 753. With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage," infecting the entire proceedings with "error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). The court finds that application of the procedural bar by the Court of Criminal Appeals would be based on state procedural rules, and petitioner has not met the requirements of a showing of cause and prejudice.

The court further finds that petitioner has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). Petitioner has made no colorable showing of actual innocence, so this ground for relief fails.

**Ground II: Petitioner's Prior Conviction**

Petitioner alleges the prosecution did not prove the former conviction used to enhance his sentence actually was committed by him. On direct appeal the OCCA denied the claim

as follows:

> [T]he prior Judgment and Sentence introduced listed [petitioner's] full name, as well as his social security number and date of birth. In addition, the prior Judgment and Sentence was also from Carter County and was for a drug related crime--unlawful possession of a controlled dangerous substance. This was wholly sufficient to prove beyond a reasonable doubt that [petitioner] was the same person as that named on the prior Judgment and Sentence. *See Cooper v. State*, 810 P.2d 1303, 1306 (Okla. Crim. App. 1991).

*Loftis*, No. F-2002, slip op. at 2-3.

The record shows that Daria Porter, an employee of the Carter County District Court Clerk's office, introduced a certified copy of petitioner's 1998 Judgment and Sentence for Possession of a Controlled Dangerous Substance (Tr. 259-60; Docket #9, Exhibit E). Petitioner reviewed the evidence and stated he did not object to it (Tr. 260). Defense counsel then argued to the jury, however, that the 1998 Judgment and Sentence did not prove that petitioner was the same person who was convicted of that offense (Tr. 263).

In *Shaw v. Johnson*, 786 F.2d 993 (10th Cir.), *cert. denied*, 479 U.S. 843 (1986), the Tenth Circuit Court of Appeals considered this same issue of a habeas petitioner's claim that certified copies of four Judgments and Sentences were inadequate to prove his prior convictions. The names in the *Shaw* documents matched the petitioner's name, and each conviction was from the county of the petitioner's residence. *Id.* at 998-99. Although a witness identified the petitioner as the same person who committed one of the prior offenses, the State did not call any witnesses to identify the petitioner as the individual who was convicted of the other prior offenses. *Id.* at 999.

The Tenth Circuit found no constitutional violation in Oklahoma's acceptance of the documentary evidence alone to prove the prior convictions. *Id.* at 1000 (citing *Spencer v. Texas*, 385 U.S. 554, 653 (1967)). Furthermore, the unrebutted evidence was "sufficient to

11

justify a rational trier of the fact to find, beyond a reasonable doubt, that [the petitioner] had suffered a prior felony conviction." *Id*. at 1000 (citing *Jackson v. Virginia*, 443 U.S. 307, 318 (1978)). "[U]nder Oklahoma law, it is well established that a prior felony conviction may be established by documentary evidence alone, if the name on the certified copy of the judgment and sentence is identical to that of the defendant." *Id*. at 999.

After careful review the court finds the determination of this issue by the Court of Criminal Appeals was not contrary to, or an unreasonable application of, clearly established federal law, and the decision was not based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). This ground for habeas corpus relief also fails.

**ACCORDINGLY**, petitioner's petition for a writ of habeas corpus is DENIED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 12th day of September 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma